■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM EARL SMITH, Appellant.— Appeal by defendant from a judgment of the County Court, Westchester County, rendered October 19, 1970, convicting him of criminal possession of a dangerous drug in the fifth degree, upon a plea of guilty, and imposing sentence. Judgment reversed, on the law and in the exercise of discretion, and case remanded to the County Court to enable defendant to replead *de novo*. In our opinion it was error for the County Court to deny defendant's motion to withdraw his guilty plea, in view of his protestations of innocence and claims of an unkept sentence promise (*People* v. *Lang*, 21 N Y 2d 338, 351). Rabin, P. J., Hopkins, Latham, Christ and Brennan, JJ., concur.

■ SUZANNE M. WENNBERG, Appellant, v. PEDER K. WENNBERG, Respondent.— In an action for separation, plaintiff wife appeals from so much of a judgment of the Supreme Court, Nassau County, entered February 3, 1971, granting her a separation, as (1) limited the awards therein (a) of alimony and of support for the four minor children of the parties to $200 per week plus $50 per week to partially defray the monthly mortgage payments on the marital residence and (b) of counsel fees to $2,500 less $1,250 previously paid and (2) did not provide for entry of judgment for temporary alimony arrears. Judgment modified, on the law and the facts, (1) by striking therefrom the provisions setting forth the amounts for alimony, support for the children and mortgage payments and substituting therefor a provision requiring defendant to pay the mortgage obligations and the carrying charges on the marital residence and further providing that defendant pay to plaintiff $50 per week for her support and $25 per week (a total of $100) for support of each of the four minor children of the parties and (2) by increasing the award of counsel fees to $3,500, less the $1,250 previously paid. As so modified, order affirmed insofar as appealed from, without costs. In our opinion, under the circumstances of this case, the most satisfactory arrangement is to require defendant to assume payment of the mortgage obligations and the carrying charges on the marital residence, while providing plaintiff with the weekly sums indicated for the support and maintenance of herself and the four children of the marriage. Further, it is our view that the award of counsel fees should be increased by the amount indicated herein. Rabin, P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.